59 A.3d 597

IN THE MATTER OF JOHN E. TIFFANY, AN ATTORNEY AT LAW (ATTORNEY NO. 044701992).

February 8, 2013.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–217, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f)(default by respondent), that **JOHN E. TIFFANY,** formerly of **HACKENSACK,** who was admitted to the bar of this State in 1992, and who has been temporarily suspended from practice since February 8, 2012, should be suspended from the practice of law for a period of three months for violating *RPC* 1.1(a)(gross neglect), *RPC* 1.1(b)(pattern of neglect), *RPC* 1.3(lack of diligence), *RPC* 1.4(b)(failure to keep client informed about the status of the matter and respond to requests for information), *RPC* 1.4(c)(failure to provide sufficient information to enable client to make informed decisions), and *RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation), and good cause appearing;

It is ORDERED that **JOHN E. TIFFANY** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective immediately; and it is further

ORDERED that **JOHN E. TIFFANY** shall remain suspended from the practice of law pending his payment of the fee arbitration award in District Docket No. **VI–2011–0346F** and the sanction of $500 to the Disciplinary Oversight Committee by certified check or money order as ordered on February 8, 2012, and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.